CLIFF, JR., INC., Plaintiff-Appellee,

v.

M. V. CAPTAIN WILL et al., Defendants,

Plaquemine Oil Sales, Corporation, Defendant-Appellant,

Clifford Quinn, Sr., Intervenor-Appellee.

No. 74–3614.

United States Court of Appeals, Fifth Circuit.

April 9, 1976.

* Judge Bell was a member of the original panel but resigned from the Court on March 1, 1976

James G. Burke, Jr., New Orleans, La., for defendant-appellant.

Rene S. Paysse, Robert B. Sutherlin, New Orleans, La., for Cliff, Jr., Inc.

Joe L. Horne, New Orleans, La., for Clifford Quinn, Sr.

ON PETITION FOR REHEARING

(Opinion 1–23–76, 5 Cir., 1976, 526 F.2d 345)

Before WISDOM and CLARK, Circuit Judges.*

PER CURIAM:

The defendant has petitioned for a rehearing on the ground that the Court did not apply the divided damages rule of *United States v. Reliable Transfer Co.*, 1975, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251. The *Reliable Transfer* rule is inapplicable. That rule applies only "when two or more parties have contributed by their fault to cause property damage . . . ." 421 U.S. at 411, 95 S.Ct. at 1715, 44 L.Ed.2d at 262. The district court found that the plaintiff's vessel, the Cliff, was placed in a perilous position by the defendant's vessel, the Captain Will. This, the defendant conceded, was the sole fault of the Captain Will. In these circumstances, the district court found that the navigator of the plaintiff's ship acted reasonably. We held that the district court's findings were not clearly erroneous.

The petition for rehearing is denied.

and, therefore, did not participate in this decision.